# EXHIBIT B



**DEPARTMENT OF HEALTH & HUMAN SERVICES**　　　　　　　　　　　Office of the Secretary

---

Chicago Office
233 North Michigan Avenue, Suite 240
Chicago, IL 60601

Kansas City Office
601 East 12th Street, Room 353
Kansas City, MO 64106

Office for Civil Rights
Midwest Region
Website: http://www.hhs.gov/ocr
Voice - (800) 368-1019
TDD - (800) 537-7697

March 22, 2017

*Received 3/28/17*

Jared Sommers
Privacy Coordinator Officer
CHI St. Francis
2116 West Faidley Avenue
Grand Island, NE 68803

Re:   OCR Transaction Number: 17-259171

Dear Mr. Sommers:

On January 12, 2017, the U.S. Department of Health and Human Services (HHS), Office for Civil Rights (OCR), received a complaint from Mr. Christian T. Williams on behalf of Suzanne Mitchell (Complainant) alleging that CHI Health St. Francis, (hereinafter CHIHSF) the covered entity, has violated the Federal Standards for Privacy of Individually Identifiable Health Information and/or the Security Standards for the Protection of Electronic Protected Health Information (45 C.F.R. Parts 160 and 164, Subparts A, C, and E, the Privacy and Security Rules). Specifically, the Complainant alleges that on November 15, 2016, Suzanne Mitchell requested medical records in electronic form from CHI Health St. Francis to be sent to Complainant's law firm and thereafter, she received an invoice from CIOX Health (hereinafter "CIOX"), in the amount of $224.65 for 353 pages of medical records on a CD. Complainant further alleges that CIOX charged 50 cents per page; a basic fee of $20, and $13.45 for shipping a CD. Complainant alleges that after receiving the medical records in electronic form, CIOX refused to adjust the invoice to reflect reasonable costs. This allegation could reflect a violation of 45 C.F.R. § 164.524.

OCR enforces the Privacy, Security, and Breach Notification Rules, and also Federal civil rights laws which prohibit discrimination in the delivery of health and human services because of race, color, national origin, disability, age, and under certain circumstances, sex and religion.

The Privacy Rule provides that an individual or an individual's personal representative (generally, a person with authority under State law to make health care decisions for the individual) has the right to access the individual's protected health information (PHI), maintained by a covered entity in a designated record set, for as long as the PHI is maintained in the designated record set (e.g., medical or billing records).  45 C.F.R. §§ 164.502(g) and 164.524 (a)(1). A covered entity must act on the request for access no later than 30 days after receipt of such a

request and, in certain circumstances, no later than 60 days after the receipt of such a request.

An individual also has a right to direct the covered entity to transmit the PHI about the individual directly to another designated person or entity. The request to direct the PHI to another person or entity must be in writing, signed by the individual, and clearly identify the person or entity being designated to receive the PHI, and where to send the PHI. A covered entity may accept an electronic copy of a signed request (e.g., PDF), as well as an electronically executed request (e.g., via a secure web portal) that includes an electronic signature.

The right of an individual to have PHI sent directly to a third party is an extension of the individual's right of access; consequently, all of the provisions that apply when an individual obtains access to his/her PHI apply when the individual directs a covered entity to send the PHI to a third party. As a result:

- This right applies to PHI in a designated record set;
- Covered entities must take action within 30 days (or 60 days if an extension is applicable) of the request;
- Covered entities must provide the PHI in the form and format and manner of access requested by the individual if it is "readily producible" in that manner; and
- The individual may be charged only a reasonable, cost-based fee that complies with 45 C.F.R. § 164.524(c)(4).

See 45 C.F.R. § 164.524(c).

Individuals' rights under the HIPAA Privacy Rule to access PHI about themselves extends to PHI in a designated record set maintained by a business associate on behalf of a covered entity. Thus, if an individual submits a request for access to PHI, the covered entity is responsible for providing the individual with access not only to the PHI it holds but also to the PHI held by one or more of its business associates. However, if the same PHI that is the subject of an access request is maintained in both the designated record set of the covered entity and the designated record set of the business associate, the PHI need only be produced once in response to the request for access. See 45 C.F.R. § 164.524(c)(1).

With respect to PHI in a designated record set maintained by a business associate, the business associate agreement between the covered entity and the business associate will govern whether the business associate will provide access directly to the individual or will provide the PHI that is the subject of the individual's access request to the covered entity for the covered entity to then provide access to the individual. However, regardless of how and to what extent a business associate supports or fulfills a covered entity's obligation to provide access to an individual, a request for access still must be acted upon within 30 days (or 60 days if an extension is applicable) of receipt of the request by either the covered entity, or by a business associate if the request was made directly to the business associate because the covered entity instructed individuals through its notice of privacy practices (or otherwise) to submit access requests directly to the business

Page 3

associate. Further, all of the access requirements that apply with respect to PHI held by the covered entity (e.g., the individual may be charged only a reasonable, cost-based fee that complies with 45 C.F.R. § 164.524(c)(4)) apply with respect to PHI held by the business associate.

An individual's personal representative (generally, a person with authority under State law to make health care decisions for the individual) has the right both to receive a copy of PHI about the individual in the designated record set(s) maintained by a covered entity and its business associates, and to direct the covered entity, or its business associate if the covered entity instructed individuals through its notice of privacy practices (or otherwise) to submit access requests directly to the business associate, to transmit a copy of the PHI to another person or entity, upon request, consistent with the scope of such representation and the requirements of 45 C.F.R. § 164.524. See 45 C.F.R. § 164.502(g). The same requirements for fulfilling an individual's request to send the individual's PHI to a third party (e.g., with respect to timeliness, form and format, bases for denial, fee limitations, etc.) also apply to requests made by an individual's personal representative.

The Privacy Rule permits a covered entity to impose a reasonable, cost-based fee to provide the individual or the individual's personal representative with a copy of the individual's PHI (or an agreed to summary or explanation of the PHI) or to direct the copy to a designated third party. The fee may include <u>only</u> the cost of: (1) labor for copying the PHI requested by the individual, whether in paper or electronic form; (2) supplies for creating the paper copy or electronic media (e.g., CD or USB drive) if the individual requests that the electronic copy be provided on portable media; (3) labor to prepare an explanation or summary of the PHI, if the individual both chooses to receive an explanation or summary <u>and</u> agrees to the fee that may be charged, and (4) postage, when the individual requests that the copy, or the summary or explanation, be mailed. See 45 C.F.R. § 164.524(c)(4). The fee may not include costs associated with verification; documentation; searching for and retrieving the PHI; maintaining systems; recouping capital for data access, storage, or infrastructure; or other costs not listed above <u>even if such costs are authorized by State law</u>. The methods that may be used to calculate this fee are actual costs, average costs, and a flat fee for electronic copies of PHI maintained electronically provided the fee does not exceed $6.50, inclusive of all labor, supplies, and any applicable postage. The specifics regarding these methods are set forth in the OCR guide entitled 'Individuals' Right under HIPAA to Access their Health Information,' located here: http://www.hhs.gov/hipaa/for-professionals/privacy/guidance/access/index.html. To the extent that access fees charged to an individual or personal representative are unreasonable or unrelated to costs, OCR can require a covered entity to reimburse the excessive portion of the fees under 45 CFR § 164.530 (f), in order to mitigate harm caused by the potential violation of the access requirements.

Finally, while the Privacy Rule permits the limited fee described above, covered entities should provide individuals who request access to their information with copies of their PHI free of charge. While covered entities should forgo fees for all

individuals, not charging fees for access is particularly vital in cases where the financial situation of an individual requesting access would make it difficult or impossible for the individual to afford the fee. Providing individuals with access to their health information is a necessary component of delivering and paying for health care.

Pursuant to its authority under 45 C.F.R. §§ 160.304(a) and (b), OCR has determined to resolve this matter informally through the provision of technical assistance to CHIHSF. To that end, please review the OCR website for material explaining the Privacy Rule provisions related to Access to Medical Records here: http://www.hhs.gov/hipaa/for-professionals/privacy/guidance/access/index.html.

You are encouraged to review these materials closely and to share them with your staff as part of the Health Insurance Portability and Accountability Act (HIPAA) training you provide to your workforce. You are also encouraged to assess and determine whether there may have been any noncompliance as alleged by the complainant in this matter, and, if so, to take the steps necessary to ensure such noncompliance does not occur in the future. Should OCR receive a similar allegation of noncompliance against CHIHSF in the future, OCR may initiate a formal investigation of that matter. In addition, please note that, after a period of six months has passed, OCR may initiate and conduct a compliance review of CHIHSF related to CHIHSF's compliance with the Access provisions of the Privacy Rule.

Based on the foregoing, OCR is closing this case without further action, effective the date of this letter. OCR's determination as stated in this letter applies only to the allegations in this complaint that were reviewed by OCR.

Under the Freedom of Information Act, we may be required to release this letter and other information about this case upon request by the public. In the event OCR receives such a request, we will make every effort, as permitted by law, to protect information that identifies individuals or that, if released, could constitute a clearly unwarranted invasion of personal privacy.

Sincerely,

*Alicia Jalan*
For

Celeste H. Davis, J.D.
Regional Manager