## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| CIOX HEALTH, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. 1:18-cv-00040-APM |
| | ) |
| ALEX M. AZAR II, Secretary of Health and | ) |
| Human Services, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## OPPOSITION TO DEFENDANTS' MOTION TO STAY SUMMARY JUDGMENT BRIEFING

This case challenges a series of HHS regulations that (A) unlawfully expand the universe of medical records that healthcare providers (known as "covered entities") and their service providers (called "business associates") are legally required to disclose to commercial third parties like life insurers and trial lawyers, while (B) severely and unlawfully restricting the fees that both covered entities and their business associates are permitted to charge when disclosing records that are subject to the challenged rules.  Because HHS's regulations thereby "threaten to bankrupt the dedicated medical-records providers [like CIOX] who service the healthcare industry by effectively—and quite deliberately—mandating that they fulfill a rapidly growing percentage of requests for [patient medical records] at a net loss," Dkt. 1, ¶ 3, CIOX's Complaint seeks declaratory and injunctive relief that would invalidate those rules and allow CIOX to resume charging the higher, state-authorized fees it traditionally has charged commercial third parties when disclosing a patient's medical records in response to lawful requests.  *Id.* ¶¶ 22, Prayer for Relief.

Despite Congress's explicit and unambiguous directive subjecting business associates like CIOX to the challenged restrictions, 42 U.S.C. § 17934(a), and notwithstanding HHS's explicit and unambiguous statement that its challenged regulations "automatically extend[] to a business associate," *Modifications to the HIPAA Privacy, Security, Enforcement, and Breach Notification Rules under [HITECH]—Final Rule*, 78 Fed. Reg. 5566, 5597 (2013) ("2013 Omnibus Rule"), Defendants moved to dismiss CIOX's Complaint on the ground that HHS's regulations do not affect business associates at all—a claim Defendants advanced without ever addressing or acknowledging either Congress's or HHS's explicit, unambiguous, and repeated statements to the contrary.

If this were ordinary civil litigation involving an ordinary defendant, CIOX would have responded to that argument by serving a Rule 11 motion.  Out of respect for the Department of Justice and in light of the purely legal nature of CIOX's claims, CIOX instead chose to file a straightforward opposition to the motion; exercised its right under Rule 56(b) to "file a motion for summary judgment ***at any time***," Fed. R. Civ. P. 56(b) (emphasis added); and, given the overlap between the merits and the government's jurisdictional claims, efficiently briefed both the jurisdictional and merits issues in a single 45-page memorandum instead of two separate 45-page memoranda that CIOX otherwise could have submitted.  *See* Dkt. 11 at 3, 34 (noting the overlap between the government's jurisdictional arguments and the merits).

The government now asks this Court to stay briefing on CIOX's motion for summary judgment pending resolution of the motion to dismiss, arguing that it would

be inefficient to brief the merits while its jurisdictional arguments are pending, Dkt. 14-1 at 5, that CIOX will not be prejudiced by any delay in reaching the merits, *id*. at 6, and that HHS has not yet assembled the administrative record.  *Id*. at 7.  For the reasons detailed below, those claims provide no basis for effectively stripping CIOX of its right to move for summary judgment "at any time" by indefinitely suspending the government's obligation to respond—and not least of all while the harms CIOX is suffering continue to mount.  *See* Dkt. 11-1 at ¶¶ 14-17 (explaining that the challenged fee restrictions currently are costing CIOX "well over $10 million per year" and that the Company's losses are accelerating).

## STANDARD OF REVIEW

This Court of course has inherent authority to "control the disposition of the causes on its docket with economy of time and effort." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  But that discretion does not relieve the government of its burden to demonstrate that a stay is genuinely necessary to both promote such efficiency and avoid imminent harms: "In order to prevail in a motion to stay, 'the proponent of a stay bears the burden of establishing its need.'" *United States v. Honeywell Int'l, Inc.*, 20 F. Supp. 3d 129, 132 (D.D.C. 2013) (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)).  That requirement in turn obligates the movant to "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id*. (internal quotation omitted).  The government's motion does not remotely discharge that burden; indeed, it hardly even tries to do so.

## ARGUMENT

### I. DEFERRING THE MERITS WILL NOT MEANINGFULLY ADVANCE THE INTERESTS OF EFFICIENCY OR JUDICIAL ECONOMY.

The government's principal submission is that its jurisdictional arguments present "threshold issues" that should be resolved before this Court resolves CIOX's motion for summary judgment. Dkt. 14-1 at 4-6. We agree in part: This Court cannot **decide** the merits unless it is convinced of its jurisdiction. But that truism provides no basis for deferring **briefing** of the merits here. That is so for two reasons.

First, the mere fact that the government has challenged CIOX's standing is not itself a sufficient basis for bringing this case to a halt. The government instead bears the burden of demonstrating that its jurisdictional arguments are likely to succeed and, thus, that this Court won't ever reach the merits. *See, e.g.*, *District Title v. Warren*, No. 1:14-cv-01808-ABJ, 2015 WL 12964658 at *4 (D.D.C. June 15, 2015) (denying stay because "the standing argument is unlikely to succeed on the merits, and so defendants have not satisfied their burden to establish the need for a stay or to make out a clear case of hardship or inquity in being required to go forward") (internal citation and quotation omitted). After all, if it isn't likely that the movant's jurisdictional arguments will result in dismissal, there is no basis for thinking that any efficiency would be gained from the requested stay—just senseless delay.

The government's stay motion makes no effort to discharge that burden. To the contrary, it simply provides a thumbnail sketch of the arguments advanced in its motion to dismiss, Dkt. 14-1 at 2-4, without ever grappling with the fatal defects CIOX's previously-filed opposition identified—including the government's

remarkable failure to acknowledge (much less address) more than a half-dozen HHS regulations that expressly and unambiguously apply the challenged rules to business associates like CIOX, or HHS's prior statements that, in light of HITECH's changes to the original HIPAA statute and the otherwise-unaddressed HHS regulations, the regulations challenged in the Complaint "'automatically extend[] to a business associate.'" Dkt. 11 at 18-23 (quoting 2013 Omnibus Rule, 78 Fed. Reg. at 5597, and discussing 45 C.F.R. §§ 160.402(a), 160.402(c)(1), 164.502(a)(3), 164.502(a)(4), 164.502(e)(1)(i)-(ii), 164.504(e)(2)(i), 164.504(e)(2)(ii)(E), and 164.504(e)(ii)(H)).   In the interests of judicial economy, CIOX will not reiterate those arguments in full here but instead refers the Court to CIOX's previously filed opposition to the motion to dismiss, Dkt. 11, which demonstrates that the government's jurisdictional arguments have no reasonable likelihood of success and thus provide no basis for delay.[1]

Even if it were appropriate to indefinitely suspend briefing on the merits pending the resolution of an objectively-frivolous motion to dismiss, there's a second reason why it would be inappropriate to do so here: The jurisdictional arguments advanced by the government in this case overlap substantially with the merits, making it particularly inappropriate to strip CIOX of its right to move for summary judgment "at any time" by indefinitely suspending the government's duty to respond.  Fed. R. Civ. P. 56(b).   In particular, the government's principal argument for dismissing

---

[1]   The fact that the government's jurisdictional arguments are meritless in turn distinguishes the cases on which the government relies.  *See, e.g.*, *United Trans. Serv. Emp. of Am. v. Nat'l Mediation Bd.*, 179 F.2d 446, 454 (D.C. Cir. 1949) (holding that it was inappropriate to reach the merits because "the District Court [in fact] had no jurisdiction").

Counts II and III of the Complaint is that the challenged fee restrictions are interpretive rules rather than legislative ones and therefore are immune from the APA's notice-and-comment requirements (*contra* Count II of the Complaint) and judicial review (*contra* Count III of the Complaint). *See* Dkt. 9-1 at 23-28. But as CIOX's previously-filed opposition explained—and the government's stay motion never denies—a ruling in CIOX's favor on that issue would entitle CIOX to judgment as a matter of law:

> [T]he government's jurisdictional claims are inseparable from the merits. In short, if this Court agrees that the 2016 Mandates are legislative rules that required notice-and-comment rather than interpretive rules that did not, then Count II not only states a valid claim but CIOX is entitled to judgment as a matter of law. *Mendoza v. Perez*, 754 F.3d 1002, 1025 (D.C. Cir. 2014) ("[P]laintiffs are entitled to entry of summary judgment in their favor [because the challenged guidances] are legislative rules"); *General Elec. Co. v. EPA*, 290 F.3d 377, 385 (D.C. Cir. 2002) (vacating putative guidance document held to be a legislative rule).

Dkt. 11 at 34; *see also id*. at 40 (explaining the overlap between Counts II and III of the Complaint and noting this Court's decision to address similarly-parallel procedural and substantive challenges to a putative non-legislative rule in *United Steelworkers v. FHA*, 151 F. Supp. 3d 76, 89-90 (D.D.C. 2015) (Mehta, J.)).

As a result, even if it generally were appropriate to defer summary judgment proceedings pending the resolution of an otherwise-meritless jurisdictional challenge, there would be no reason to do so here. The merits are bound-up with the Court's analysis of the jurisdictional issues and therefore can't be avoided; unless it plans to abandon its jurisdictional claims, the government's reply brief in support of its motion to dismiss necessarily is going to address the merits. Entering the requested stay is

thus unlikely to meaningfully advance the government's stated interests in efficiency and judicial economy.  To the contrary, given the overlap between the jurisdictional and merits claims in this case, the government's demand for a separate and successive round of briefing on those same issues all-but-ensures unnecessary duplication of both the parties' efforts and the Court's.

Perhaps recognizing that its lead arguments for delay are so weak, the government ultimately claims that CIOX's motion for summary judgment is "premature" because HHS has not yet bothered to assemble the administrative record during the more than four months this case has been pending.  Dkt. 14-1 at 7.  That argument is both absurd and irrelevant.  It is absurd, because CIOX's legal right to move for summary judgment "at any time," Fed. R. Civ. P. 56(b), cannot legitimately be held hostage by HHS's strategic irresponsibility; our legal system doesn't subject the proverbial hen's rights to the fox's whims.  And it is irrelevant, because CIOX's challenges to HHS's regulations are purely legal in nature and (in contrast to an adjudicatory proceeding involving agency fact-finding) therefore do not depend on "the facts" set forth in some as-yet unassembled administrative record.  In short, CIOX's Complaint simply asks this Court to determine whether the challenged regulatory provisions are consistent with the statutory provisions on which CIOX's lawsuit is based and the modest rulemaking requirements of the APA.  That analysis hinges on the content of the challenged regulations themselves and the interpretation of the relevant statutes—not "the facts."

In any event, if the government thinks the administrative record somehow can make up for the shortcomings in its regulations, the answer is simple: It should do its job, put the record together, and file it either before or alongside an opposition to CIOX's summary judgment motion.  The fact that HHS instead has chosen to sit on its hands for the past four months, however, is no justification for months of additional delay.

## II.  THE EQUITIES FAVOR CIOX.

Even if there were a valid basis for deferring briefing on the merits, the government has not "ma[d]e out a clear case of hardship or inequity in being required to go forward." *United States v. Honeywell Int'l, Inc.*, 20 F. Supp. 3d 129, 132 (D.D.C. 2013) (internal quotation omitted).  Like every agency that acts outside the scope of its lawful authority, the government of course would prefer to avoid having to answer for its actions in writing.  But the government's desire to avoid writing a brief hardly amounts to "a clear case of hardship or inequity," *id.*, especially given that the burden of doing so here would be so modest.  Indeed, the issues in this case are so straightforward that CIOX was able to address them in less than 15 pages (and on the same timetable as its opposition to the motion to dismiss).  *See* Dkt. 11 at 29-45 (fully addressing the merits, including several pages of argument that apply equally to the government's "jurisdictional" claim that the challenged regulations are interpretive rather than legislative and therefore immune from both the APA's notice-and-comment requirement and judicial review).

In contrast to the government, however, CIOX stands to suffer genuine and substantial harms from the requested delay.  As it has explained, HHS's regulations

currently are costing the Company more than $10 million per year by forcing it to charge commercial third parties for certain record requests at the so-called "Patient Rate" instead of the higher rates that more than 40 states have established. Dkt. 11-1 at ¶¶ 11-17 (explaining that the gap between the HHS-mandated Patient Rate and state-authorized rates can exceed $1000 per record; that commercial third parties' exploitation of the challenged HHS regulations currently is costing CIOX "well over $10 million per year" in lost revenues; that the rate of such exploitation is increasing; and that the costs associated with the challenged regulations therefore are "likely to continue growing"). Accordingly, even a few months' delay in resolving this litigation is likely to cost CIOX millions of dollars in losses that by definition are irreparable; the Company cannot recover damages from Defendants in light of their sovereign immunity. *See, e.g., id.* at ¶ 18; *see also Smoking Everywhere, Inc. v. FDA*, 680 F. Supp. 2d 62, 77 n.19 (D.D.C. 2010) ("Where a plaintiff cannot recover damages from an agency because the agency has sovereign immunity, any loss of income suffered by the plaintiff is irreparable *per se*.") (alteration and internal quotation omitted), *aff'd sub nom. Sottera, Inc. v. FDA*, 627 F.3d 891, 898 (D.C. Cir. 2010) ("The district court's finding that this loss would be irreparable absent an injunction appears entirely reasonable.").

Because the balance of equities overwhelmingly favors CIOX, the government has not discharged its burden of demonstrating entitlement to the requested stay. CIOX thus respectfully requests that this Court order the government to file its opposition brief ***no later than Friday, June 15, 2018***—which would represent a more-than-

four-week extension of the May 16, 2018 deadline it otherwise would face—and schedule oral argument on both the government's motion to dismiss and CIOX's motion for summary judgment as soon as possible after the filing of CIOX's reply in support of its motion for summary judgment.

Dated: May 11, 2018                     Respectfully submitted,

                                     /s/ Michael D. Shumsky
                                     Michael D. Shumsky (D.C. Bar 495078)
                                     Thomas J. Tobin (D.C. Bar No. 1049101)
                                     KIRKLAND & ELLIS LLP
                                     655 15th Street N.W., Suite 1200
                                     Washington, D.C.  20005
                                     (202) 879 5000 (phone)
                                     (202) 879-5200 (fax)

                                     Jay P. Lefkowitz, P.C. (D.C. Bar 449280)
                                     KIRKLAND & ELLIS LLP
                                     601 Lexington Avenue
                                     New York, N.Y.  10022
                                     (212) 446 4800 (phone)
                                     (212) 446-4900 (fax)

                                     *Counsel for CIOX Health, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 11th day of May, 2018, he caused the

foregoing **OPPOSITION TO DEFENDANTS' MOTION TO STAY SUMMARY**

**JUDGMENT BRIEFING** to be served upon the following via ECF:

Vinita B. Andrapalliyal
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
(202) 305-0845
vinita.b.andrapalliyal@usdoj.gov

/s/ Michael D. Shumsky
Michael D. Shumsky
*Counsel for CIOX Health, LLC*