UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CIOX HEALTH, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:18-cv-00040 (APM) ) |
| ALEX M. AZAR II, Secretary of Health and Human Services, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF**
**MOTION TO STAY SUMMARY JUDGMENT BRIEFING**

Ciox fails to provide any reason why summary judgment briefing should proceed while Defendants' motion to dismiss remains pending. Instead, Ciox chooses to mischaracterize Defendants' pending motion to dismiss, and to cast aspersions on what it misstates to be Defendants' arguments. Ciox, moreover, declines to grapple with the present uncertainties regarding the scope of the administrative record required for summary judgment, instead claiming that its self-inflicted injuries require immediate summary judgment briefing.

Defendants, in contrast, have offered specific and compelling reasons why the Court should first assure itself of its jurisdiction and, if necessary, the scope of its review over this case, before this case advances any further. If this case survives past the motion to dismiss (and, for the reasons Defendants have briefed, it should not), Defendants can then prepare an appropriate administrative record as to any surviving claims and proceed to summary judgment. Accordingly, the Court should grant Defendants' motion to stay further summary judgment briefing until the Court decides Defendants' motion to dismiss.

1

**ARGUMENT**

I. *Allowing the Court to decide its jurisdiction and the appropriate scope of review over the case ensures that the issues in this litigation proceed in the proper order.*

As set forth in Defendants' opening brief, ECF No. 13-1 ("Defs.' Mem."), the Supreme Court has instructed courts to resolve jurisdiction before proceeding any further in a case: "'Without jurisdiction the court cannot proceed at all in any cause.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)). Ciox's opposition seeks to trivialize that principle, asserting that "[t]his Court cannot **decide** the merits unless it is convinced of its jurisdiction. But that truism provides no basis for deferring **briefing** of the merits here." Pl.'s Opp. 4, ECF No. 15.

Ciox is correct that this principle does not *prohibit* the parties from briefing the merits and jurisdiction together. *See* Defs.' Mem. 4 (discussing the district court's discretion to control the order in which it hears issues). But the primacy of jurisdiction does suggest that, in the typical case, the most appropriate course is to resolve the jurisdictional dispute before proceeding any further. Indeed, the D.C. Circuit has already said as much. *See United Transp. Serv. Emps. of Am., CIO v. Nat'l Mediation Bd.*, 179 F.2d 446, 45–54 (D.C. Cir. 1949) (noting that "the District Court had no jurisdiction," and in that situation "a motion to dismiss . . . should be acted upon and granted" because a "defendant should not be put to the trouble and expense of any further proceeding, and the time of the court should not be occupied with any further proceeding, under such a complaint"); *see also* Wright & Miller, Fed. Prac. & Proc. § 3531.15 (noting "the desire to decide standing at the outset, as a means of sorting out those suits that do not deserve to proceed toward trial on the merits"). This doctrine is thus designed to protect both defendants and the courts from going too far into a dispute that is not properly before the Court.

Ciox argues that briefing should only be stayed in the event that Defendants' motion to dismiss is persuasive; it relies on vituperative language and its brief in opposition to Defendants' motion to dismiss to argue that the motion is not just unpersuasive but worthy of "a Rule 11 motion." Pl.'s Opp 2; *see also id.* at 4–5. Casting Ciox's gratuitous aspersions to the side, Ciox asks, in essence, for this Court do exactly what Defendants are requesting—to decide Defendants' motion to dismiss before the case proceeds any further on the merits. In any event, Ciox's rhetoric is entirely misplaced. As explained in Defendants' reply brief in support of their motion to dismiss, the string of regulations cited by Ciox regulate business associates in other ways but do not give Ciox Article III or statutory standing to challenge Defendants' regulation of covered entities under the legal provisions at issue here. Defs.' Reply Mem. in Supp. of Mot. to Dismiss 2–6, 14–15, ECF No. 16. Further, Ciox's characterization of the challenged guidance as a set of decrees cannot be squared with the guidance's plainly nonbinding language. *Id.* at 15–19. For similar reasons, Ciox's claims are unripe, and its attempt to argue otherwise is unsupported by law. *Id.* at 12–14. Thus, Defendants' motion to dismiss is not "objectively frivolous," Pl.'s Opp. 5, but, rather, based on legitimate legal bases that seriously question the Court's jurisdiction and scope of review over this case.

Ciox next mischaracterizes Defendants' threshold arguments in multiple ways to argue that the jurisdictional issues raised are somehow inextricably intertwined with the merits such that it is "particularly inappropriate to strip CIOX of its right to move for summary judgment." Pl.'s Opp. 6. Defendants' threshold arguments, however, are easily separated from their merits arguments, and it is illogical for Ciox to argue that allowing the case to proceed in the proper order would strip Ciox of any rights. Rather, deciding the Court's jurisdiction and scope of review over this case at the outset merely conserves the resources of the parties and the courts.

Ciox asserts that "[t]he jurisdictional arguments advanced by the government in this case overlap substantially with the merits . . . ." Pl.'s Opp. 6. This is untrue. Defendants raise two jurisdictional defects in this case—Ciox's lack of Article III standing and the unripe nature of its claims. The Court can examine both defects without having to evaluate the merits of whether the (1) 2013 rule was arbitrary and capricious or *ultra vires*, (2) 2016 guidance should have been subject to notice and comment procedures, and (3) 2016 guidance is arbitrary and capricious and *ultra vires*.[1] *See* Compl. ¶¶ 59–77, ECF No. 1.

Ciox claims that Defendants' "principal argument for dismissing Counts II and III of the Complaint is that the challenged fee restrictions are interpretive rules rather than legislative ones and therefore are immune from the APA's notice-and-comment requirements . . . and judicial review" and that "a ruling in CIOX's favor on that issue would entitle CIOX to judgment as a matter of law." Pl.'s Opp. at 6–7. But Defendants primarily move to dismiss on the basis of their jurisdictional arguments, which would dispose of the whole case, and move in the alternative to dismiss Ciox's challenges to the guidance under Rule 12(b)(6). Moreover, Defendants primarily argue that the challenged guidance is a general statement of policy, or, at most, interpretive non-final guidance in part, neither of which are subject to judicial review or notice and comment requirements.[2] *See* Defs.' Mem. in Support of Mot. to Dismiss 26, ECF No. 9. If the Court

---

[1] Ciox appears to believe that Defendants' argument regarding the non-reviewability of the challenged guidance is jurisdictional, as well. *See* Pl.s' Opp. 5–6. Under Circuit precedent, whether Defendants' guidance amounts to final agency action subject to judicial under the APA, however, is not a jurisdictional issue, but rather an issue to be resolved under Rule 12(b)(6). *See Reliable Automatic Sprinkler Co. v. Consumer Prod. Safety Comm'n*, 324 F.3d 726, 731 (D.C. Cir. 2003) (Where "judicial review is sought under the APA rather than a particular statute prescribing judicial review, the requirement of final agency action is not jurisdictional."). Regardless, the Court can also decide whether the guidance is final agency action without proceeding to the merits of Ciox's claims against the guidance, as explained *infra*.

[2] Ciox's misplaces its reliance on *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Fed. Highway Admin.*, 151 F. Supp. 3d 76, 89–90 (D.D.C.

concludes that the challenged guidance is final agency action, it should separately decide whether the final agency action is subject to notice and comment requirements, arbitrary and capricious, and *ultra vires*, upon examination of the administrative record and the parties' arguments on summary judgment.

In sum, the Court may safely decide the jurisdictional issues and, if necessary, whether the challenged guidance is a general statement of policy or something more amounting to final agency action, without proceeding to the merits of this case. Therefore, granting Defendants' stay is likely to "meaningfully advance the government's stated interests in efficiency and judicial economy." Pl.'s Opp. 7.

> II. *Once the Court determines its jurisdiction and scope of review, Defendants can if necessary file an appropriate administrative record for the purposes of summary judgment.*

Defendants have noted that it makes little sense to move to the merits briefing while the scope of the administrative record remains unresolved. Defs.' Mem. 7. Ciox does not meaningfully engage with this point. Instead, Ciox sarcastically disparages Defendants' understandable desire to conserve taxpayer resources until the Court has decided whether an administrative record need be compiled in this case and, if so, what the scope and contents of the record would be. *See* Pl.'s Opp. 8.

Ciox also continues to claim that their claims are "purely legal in nature" without acknowledging Supreme Court precedent on the necessity of an administrative record in adjudicating the merits of Ciox's APA claims under 5 U.S.C. § 706. *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971); *abrogated on other grounds by Califano v.*

---

2015), to argue that the Court should evaluate the threshold and merits arguments regarding the challenged guidance together. In that case, the Court decided the parties' cross-motions for summary judgment; the case does not indicate that Defendants moved to dismiss beforehand or had raised any jurisdictional issues.

5

*Sanders*, 430 U.S. 99 (1977) (citing 5 U.S.C. § 706); *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985) ("The task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court."). Because the scope of the administrate record has not yet been determined and because the law requires an administrative record to adjudicate Ciox's claims on the merits, it is inappropriate to move to summary judgment before the Court has adjudicated Defendants' motion to dismiss.

> III.  *The equities do not demand that summary judgment briefing take place while Defendants' motion to dismiss is still pending.*

Ciox finally argues that the equities favor proceeding with summary judgment in this case. In support of this argument, Ciox cites to a declaration stating "the 2016 Mandates and the response of CIOX's covered-entity clients to those Mandates, are subject to the Patient Rate[] is costing CIOX well over $10 million per year." Decl. of Tarun Kabaria ¶ 16, ECF No. 12-2.

But Ciox's economic injury does not constitute an injury in fact fairly traceable to Defendants' challenged actions. As Defendants explained in their briefs in support of their motion to dismiss, Ciox's economic injuries are self-inflicted because they are a result of the contracts it negotiated with the covered entities it works with and not due to any restrictions that Defendants has imposed on business associates. Defs.' Mem. in Supp of Mot. to Dismiss 11–16, Defs.' Reply Mem. in Supp. of Mot. to Dismiss 6–11. Thus, Ciox's asserted injury cannot support its standing to bring this lawsuit, let alone its desire to leapfrog over the jurisdictional defects in its case and proceed to summary judgment.

In any event, Ciox's purported injury merely places it in the company of many claimants appearing before the Court to seek relief, and it is not enough of a reason to move ahead to full summary judgment briefing in light of the (1) the jurisdictional and other threshold questions

identified by Defendants, (2) the Court's ability to decide the threshold issues without becoming inextricably intertwined with the merits, and (3) ongoing uncertainty regarding the scope of the administrative record.

## CONCLUSION

For the foregoing reasons, as well as the reasons set forth in Defendants' opening brief, the Court should stay further briefing on summary judgment until it adjudicates Defendants' motion to dismiss.

Dated: May 14, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

JESSIE K. LIU
United States Attorney

JOEL McELVAIN
Assistant Director

/s/ *Vinita B. Andrapalliyal*
Vinita B. Andrapalliyal
Trial Attorney
United States Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Tel: (202) 305-0845
vinita.b.andrapalliyal@usdoj.gov

*Counsel for HHS*